IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN DAWAYNE WILLIS,

    Plaintiff,

v.

PORTLAND CITY AUDITOR;
INDEPENDENT POLICE REVIEW;
ERIC BERRY; and CITY OF PORTLAND,

    Defendants.

Case No. 3:21-cv-01884-JR

ORDER TO DISMISS

HERNÁNDEZ, Chief Judge.

Plaintiff, an adult in custody at the Multnomah County Inverness Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered this date, the Court granted Plaintiff's Application to Proceed *In Forma Pauperis*. However, for the reasons set forth below, the Court dismisses Plaintiff's Complaint.

## BACKGROUND

Plaintiff alleges he submitted several complaints to the Portland Independent Police Review board regarding the actions of several Portland Police officers. He alleges defendant Berry responded to his complaints with a letter stating that no investigation would be opened

1 - ORDER TO DISMISS

because the concerns raised in plaintiff's complaints pertained to plaintiff's guilt or innocence in his pending criminal prosecution. Plaintiff identifies the rights violated by this conduct include "discrimination, negligence, mental anguish, pain & suffering, [and] due process rights violations. By way of remedy, plaintiff seeks money damages and a letter of apology.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). A plaintiff must also allege that he suffered a specific injury as a

result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

Although plaintiff states that defendants' actions violated his due process rights, plaintiff does not identify any legal basis for such a claim. To the extent plaintiff seeks disciplinary or other action against Portland Police officers, his claim is not cognizable under § 1983. By way of analogy, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also Graves-Bey v. City & Cnty. of San Francisco, 669 Fed. Appx. 373, 374 (9th Cir. 2016) (private plaintiff "lacks standing to compel investigation or prosecution of another").

Moreover, Plaintiff does not allege facts that would establish municipal liability on the part of defendant City of Portland. See Monell, 436 U.S. at 690-91. A municipal entity is liable under § 1983 only if the plaintiff alleges his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom; a municipality may not be held vicariously liable under § 1983 simply based on the allegedly unconstitutional acts of its employees. Mt. Healthy City Sch. Dist. Bd. Of Ed. v. Doyle, 429 U.S. 274, 280 (1977); Board of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997).

Finally, to the extent plaintiff's Complaint is construed as stating claims under state law, because the Complaint fails to state a federal claim, the Court will decline to exercise supplemental jurisdiction. See Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) ("[a] court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction'"); Gini v. Las Vegas Metro. Police Dept., 40 F.3d 1041,

3 - ORDER TO DISMISS

1046 (9th Cir. 1994) (when federal law claims are eliminated before trial, the court generally should decline jurisdiction over state law claims and dismiss them without prejudice).

## CONCLUSION

Based on the foregoing, the Court DISMISSES Plaintiff's Complaint. Because it is clear the deficiencies of plaintiff's Complaint cannot be cured, the Court does not grant leave to amend. Because plaintiff has not established exceptional circumstances, the Court DENIES plaintiff's Motion for Appointment of Counsel (ECF No. 5).

IT IS SO ORDERED.

DATED this __31__ day of January, 2022.

*Marco Hernández*
Marco A. Hernández
Chief United States District Judge